# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 13-740V
**Filed: September 25, 2014**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | UNPUBLISHED |
| IVAN SIPOS, | * | |
| | * | Special Master Gowen |
| Petitioner, | * | |
| | * | Application for attorneys' fees |
| v. | * | and costs; |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * | | |

Ronald C. Homer, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for petitioner.
Ann D. Martin, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 25, 2013, Ivan Sipos ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioner alleged that as a result of receiving an influenza ("flu") vaccine on October 2, 2010, he suffered from an injection related shoulder injury. Petition ¶ 1. Petitioner filed an amended petition on October 8, 2013 including, among others, brachial neuritis as an alleged injury. On June 19, 2014, the parties filed a stipulation in which they agreed that a decision should be entered awarding

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

compensation to petitioner. On June 20, 2014, the undersigned issued a Decision adopting the parties' stipulation for an award. See Decision on J. Stip., filed June 20, 2014.

On September 11, 2014, petitioner filed an application for attorneys' fees and costs. Petitioner requests a total award of attorneys' fees and costs in the amount of $14,963.80. Specifically, petitioner's counsel requests costs in the amount of $1,006.70 and fees in the amount of $13,957.10. In accordance with General Order #9, petitioner filed a statement on September 25, 2014 indicating that he did not personally incur costs related to the prosecution of this case. See Notice, filed Sept. 25, 2014. On September 18, 2014, respondent informed the court by informal communication that petitioner's motion for fees will not be opposed.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). Based on the reasonableness of petitioner's motion, the undersigned **GRANTS** the request for approval and payment of attorneys' fees and costs.

Accordingly, an award should be made as follows:

(1) in the form of a check jointly payable to petitioner and to petitioner's attorney, Ronald C. Homer, of Conway, Homer & Chin-Caplan, P.C., in the amount of $14,963.80.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance herewith.[3]

**IT IS SO ORDERED.**

      **s/ Thomas L. Gowen**
      Thomas L. Gowen
      Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.